UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARILYN WELLS,

    Plaintiff,

                                                    Case No. 12-CV-10985-DT

v.

                                                    HONORABLE DENISE PAGE HOOD

AETNA LIFE INSURANCE COMPANY,

    Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS
## AND
## DISMISSING ACTION

**I.    BACKGROUND**

On March 5, 2012, Plaintiff Marilyn Wells ("Wells") filed the instant action against Defendant Aetna Life Insurance Company ("Aetna") alleging a claim under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1004, *et seq.* In lieu of an Answer, Aetna filed the instant Motion to Dismiss for lack of subject matter jurisdiction. To date, no response has been filed to the motion on behalf of Wells. After two stipulations and orders adjourning the matter at the parties' request, the hearing was held on the matter on January 16, 2013. Doc. Nos. 13, 14) No one on behalf of Plaintiff appeared at the hearing.

The Court's staff contacted Plaintiff's counsel and was told counsel did not receive notice of the hearing. A review of the Court's docket does not indicate that the Notice of Electronic Filing of the orders issued by the Court were returned. (E.D. Mich. CM/ECF Pol. & Proc. R8) Even if returned due to an improper e-mail address, electronic service constitutes valid service if the user has not updated an invalid e-mail address. (E.D. Mich. CM/ECF Pol. & Proc. R3)

Wells was employed by the County of Oakland and became disabled on March 10, 2008.

(Comp., ¶ 5)  Wells was insured with Group Life Insurance under the Permanent and Total Disability feature pursuant to the Group Life Insurance issued by Aetna.  (Comp., ¶ 6)  Wells is a beneficiary or participant in the Employee Disability Plan sponsored by Wells' employer, Oakland County.  (Comp., ¶ 6)  Wells received disability benefits from the date of her disability until April 9, 2010 when Aetna requested further medical information to support her claim.  (Comp., ¶ 7)  Wells asserts that she provided the information, but on January 17, 2012, Aetna denied Wells' request for benefits.  (Comp., ¶ 7)  Wells alleges that Aetna's decision to deny long-term disability benefits is arbitrary and unreasonable without substantive basis.  (Comp., ¶ 8)

## II.     ANALYSIS

### A.     Standard of Review

Rule 12(b)(1) provides for a motion to dismiss for lack of jurisdiction over the subject matter of the claim.  In order to defeat a motion under 12(b)(1), the plaintiff must show only that the complaint alleges a claim under federal law, and that the claim is "substantial."  A federal claim is substantial unless "prior decisions inescapably render [it] frivolous."  *Transcontinental Leasing, Inc. v. Michigan National Bank of Detroit*, 738 F.2d 163, 165 (6th Cir. 1984).  In short, when faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim made.  *Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1248 (1996).  The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account.  *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

### B.     ERISA

Aetna moves to dismiss this case claiming that ERISA is not applicable to the Complaint because the plan at issue is sponsored by a state governmental entity. As noted above, no response was filed to the motion.

Federal subject matter jurisdiction is granted to cases arising under ERISA pursuant to 29 U.S.C. § 1132(e). An ERISA civil action may be brought by a participant or beneficiary to recover benefits due under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). The term "plan" means an employee welfare benefit plan. 29 U.S.C. § 1002(3). The provisions under ERISA shall *not* apply to any employee benefit plan if such plan is a governmental plan. 29 U.S.C. § 1003(b)(1). A "governmental plan" means a plan established or maintained for its employees by the Government of the United States, by the government of any state or political subdivision thereof, or by any agency or instrumentality of any of the foregoing. 29 U.S.C. § 1002(32).

Wells is a beneficiary or participant in a plan sponsored by Oakland County. The plan Summary of Coverage indicates that the sponsoring Employer is Oakland County. (Motion, Ex. 1) Oakland County is a political subdivision of the State of Michigan. M.C.L. § 691.1401(a) and (e); *See Oakland County Drain Comm'r of Oakland County v. City of Royal Oak,* 306 Mich. 124, 139-40 (1943). The plan sponsored by Oakland County is a "governmental plan" and is not subject to ERISA. The Court lacks subject matter jurisdiction over the cause of action pertaining to the Oakland County plan. *Weiner v. Klais and Co., Inc.,* 108 F.3d 86, 89-90 (6th Cir. 1997). Defendant's Motion to Dismiss is granted under Rule 12(b)(1).

### III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Dismiss filed by Defendant **(Doc. No. 11)** is

GRANTED.

IT IS FURTHER ORDERED that the Complaint is DISMISSED with prejudice.


                    S/Denise Page Hood
                    Denise Page Hood
                    United States District Judge

Dated: February 26, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 26, 2013, by electronic and/or ordinary mail.

                    S/LaShawn R. Saulsberry
                    Case Manager